## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
MIDDLESEX COUNTY RETIREMENT            :
SYSTEM, On Behalf of Itself and All Others :
Similarly Situated,                    :   Electronically Filed
                                       :
              Plaintiff,               :   Civil Action No.: 1:07-cv-07183-DC
                                       :   (ECF Case)
       vs.                             :
                                       :   Hon. Denny Chin
SEMTECH CORP., JOHN D. POE, JASON L.   :
CARLSON, MOHAN R. MAHESWARAN,          :
DAVID G. FRANZ, JR., and JOHN M.       :
BAUMANN                                :
                                       :
              Defendants.              :
------------------------------------------------------ x
LAWRENCE CHAYT, On Behalf of Himself   :
and All Others Similarly Situated,     :
                                       :
                                       :   Electronically Filed
              Plaintiff,               :
                                       :   Civil Action No.: 1:07-cv-08641-DC
       vs.                             :   (ECF Case)
                                       :
SEMTECH CORP., JOHN D. POE, JASON L.   :
CARLSON, MOHAN R. MAHESWARAN,          :
DAVID G. FRANZ, JR., and JOHN M.       :
BAUMANN                                :
                                       :
              Defendants.              :
------------------------------------------------------ x
```

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
MISSISSIPPI PUBLIC EMPLOYEES' RETIREMENT SYSTEM
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... i

PRELIMINARY STATEMENT .............................................................................. 1

STATEMENT OF FACTS ....................................................................................... 2

ARGUMENT ........................................................................................................... 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 4

II.     MISSISSIPPI PERS SHOULD BE APPOINTED LEAD PLAINTIFF ........................... 5

        A.      The Procedural Requirements Pursuant to the PSLRA ................................. 5

        B.      Mississippi PERS is the "Most Adequate Plaintiff" .............................. 6

                1.      Mississippi PERS Has Made a ............................................. 6

                Motion for Appointment as Lead Plaintiff ........................................ 6

                2.      Mississippi PERS Has the Largest Financial Interest ................................ 6

                3.      Mississippi PERS Otherwise Satisfies Rule 23 ......................................... 7

                        (a)     Mississippi PERS Fulfills the Typicality Requirement ................. 8

                        (b)     Mississippi PERS Fulfills the Adequacy Requirement ................. 8

                4.      Mississippi PERS is the ........................................................ 9

                Prototypical Lead Plaintiff Envisioned by the PSLRA ........................... 9

III.    THE COURT SHOULD APPROVE MISSISSIPPI PERS' CHOICE OF
        COUNSEL ......................................................................................... 10

CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)......................................................................9

*Glauser v. EVCI Career Colleges Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y 2006) ............................................................6,8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2nd Cir. 1990)...............................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.DN.Y. 1998) ..............................................................7

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................8

*Sczensy Trust v. DiCamillo*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ..........................................................7,8

*In re Waste Management, Inc. Sec. Litig.*,
  128 F.Supp.2d 401 (S.D. Tex. 2000) ....................................................10

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
  2006 U.S.Dist. LEXIS 3028 (S.D.N.Y. Jan. 26, 2005)........................9,10

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3) .............................................................................1,5

15 U.S.C. § 78u-4(a)(3)(A) .........................................................................5

  15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................5

15 U.S.C. § 78u-4(a)(3)(B) .........................................................................5,7

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................2,6

15 U.S.C. § 78u-4(a)(3)(B)(ii) .....................................................................4,5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................................10

Fed. R. Civ. P. 23 ...................................................................................................................2,7,8

Fed. R. Civ. P. 42 ......................................................................................................................1,4

Class member the Mississippi Public Employees' Retirement System ("Mississippi PERS") respectfully submits this Memorandum of Law in support its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the related actions; (ii) appointing Mississippi PERS as lead plaintiff of a class of purchasers of the securities of Semtech Corp. ("Semtech" or the "Company"); and (iii) approving Mississippi PERS' selection of Cauley Bowman Carney & Williams, PLLC ("Cauley Bowman") and Baron & Budd, P.C. ("Baron & Budd") as Co-Lead Counsel and Labaton Sucharow LLP ("Labaton Sucharow") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against Semtech, a supplier of analog and mixed-signal semiconductor products, and certain of its officers and directors (collectively, "Defendants"), for violations of the federal securities laws stemming from the fraudulent use of backdated stock options. During the class period, as defined below, Defendants disseminated to investors materially false and misleading statements regarding Semtech's net income, earnings per share and compensation expenses as a result of such practices. Defendants' misstatements, which appeared in, among other places, the Company's SEC filings and press releases during the class period, artificially inflated the price of Semtech securities and caused substantial damages to the class upon disclosure of the truth concerning its option practices.

On August 10, 2007, a complaint was filed in this action in the U.S. District Court for the Southern District of New York, asserting claims under the Exchange Act.[1]

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mississippi PERS suffered estimated losses of $1,488,454.  To the best of its knowledge, Mississippi PERS losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff.  Mississippi PERS is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses.  In addition, Mississippi PERS satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action.  Thus, as demonstrated herein, Mississippi PERS is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

Semtech describes itself as "a leading supplier of analog and mixed-signal semiconductor products."  The Company's stock is publicly traded on NASDAQ under the ticker symbol "SMTC."  This is a federal class action on behalf of all persons and entities, other than defendants, who purchased or acquired the securities of Semtech from September 11, 2002 until

---

[1] On October 15, 2007, the Court ordered this action transferred to the U.S. District Court for the Central District of California. *See* Dkt #10.  According to the clerk of the Southern District of New York, the case file has not been transferred yet; according to the clerk of the Central District of California, that court has not established a docket number for this action.  This motion is therefore being filed with the Court.

July 19, 2006, inclusive (the "Class Period") and who were economically damaged. The above-captioned actions allege that the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Specifically, the complaints allege that Defendants knowingly, or with deliberate recklessness, issued a series of statements during the Class Period that were false and misleading, including the use of flawed and defective accounting practices that caused the Company to under-report Semtech's compensation expenses and over-report net income and earnings per share on its financial statements, based on its failure to properly record the actual dates of its past stock option grants.

The improper and undisclosed backdating of stock options involves the granting of options and retroactively assigning them a grant date – one that usually coincides with the quarterly or yearly low in the price of a company's stock or that immediately precedes a significant increase in the price of the company's stock – without disclosing the practice and without accounting for the resulting compensation expense properly. Improper and undisclosed backdating results in overstated net income and earnings per share, understated compensation expenses, undisclosed tax liabilities, and the falsification of financial statements. Improper and undisclosed backdating fails to satisfy generally accepted accounting principles (GAAP). Defendants materially misrepresented and failed to properly account for backdated stock option grants in Semtech's reported financial statements. Defendants' misrepresentations were disseminated to the public in Semtech's annual and quarterly filings, as well as annual proxy statements, throughout the Class Period.

Semtech's stock price reacted strongly to the series of announcements about the backdating investigation. On May 19, 2006, the day prior to the Company's announcement of the SEC inquiry, the Company's stock price closed at $16.05 per share. Despite the Company's

downplaying of the significance of the "informal" inquiry, the Company's stock price closed at $15.36 on May 22, 2006 on very heavy volume of over 1.2 million shares traded. On May 23, 2006 it closed down at $15.27 on volume of over 1.3 million shares traded.

The stock price continued its downward move on each successive announcement, closing at $14.90 on June 13, 2006, down from the prior day's close of $15.12; closing at $14.60 on June 15, 2006, on very heavy volume of over 2.3 million shares traded; closing at $14.40 on June 16, 2006 on volume of over 2.1 million; and closing at $14.26 on June 19, 2006. The stock price continued to drop after the Company finally revealed it expected to record material amounts of additional compensation expense and restate its financial results from fiscal 2002 through 2006, and that its prior financial statements should not be relied upon. Semtech's stock price closed at $12.37 on July 20, 2006, down from the prior day's close of $13.19, and again closed down at $11.60 on July 21, 2006.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA requires the Court to consider any motion to consolidate prior to deciding a motion for appointment of lead plaintiff. *See* Exchange Act § 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of any
> or all the matters in issue in the actions; it may order all the actions
> consolidated; and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The PSLRA also provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions[,]" the Court shall determine consolidation

prior to appointment of a lead plaintiff. 15 U.S.C.A. § 78u-4(a)(3)(B)(ii).  "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).  "In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced."  *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (internal quotation marks omitted).

Because these above-captioned actions are essentially identical in their factual and legal bases, consolidation is appropriate and will effectively streamline discovery and general case management.

## II.    MISSISSIPPI PERS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The plaintiff which filed the complaint in this Action published a notice in the Investor's Business Daily on August 20, 2007. See Ellman Decl. Ex. C.  This notice indicated that applications for appointment as lead plaintiff were to be made no later than 60 days from the date of that notice.  Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).  The deadline for filing a motion for appointment as lead plaintiff is therefore October 19, 2007.

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B.   Mississippi PERS is the "Most Adequate Plaintiff"

#### 1.   Mississippi PERS Has Made a Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Mississippi PERS timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2.   Mississippi PERS Has the Largest Financial Interest

During the relevant period, as evidenced by, among other things, the accompanying signed certifications, *see* Ellman Decl. Ex. A, Mississippi PERS incurred a substantial

6

$1,488,454 loss on its transactions in Semtech shares.  *See* Ellman Decl. Ex. B.  In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Mississippi PERS believes to have the largest financial interest and should be appointed Lead Plaintiff in this Action.

        3.        **Mississippi PERS Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two –  typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same).  As detailed below, Mississippi PERS satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

(a)    **Mississippi PERS Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct."  *Glauser*, 236 F.R.D at 188-89.  However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.  *See Sczensy Trust*, 223 F.R.D. at 325.

Mississippi PERS seeks to represent a class of purchasers of Semtech securities which have identical, non-competing and non-conflicting interests.  Mississippi PERS satisfies the typicality requirement because it: (1) purchased or acquired Semtech securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market.  *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement).  Thus, Mississippi PERS' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

(b)    **Mississippi PERS Fulfills the Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004) (Sweet, J.).

Mississippi PERS' interests in this action are perfectly aligned with the interests of absent class members, and Cauley Bowman and Baron & Budd, their selected co-lead counsel, have decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that Mississippi PERS and their selected counsel will more than adequately protect the interests of absent class members.

**4.    Mississippi PERS is the<br>Prototypical Lead Plaintiff Envisioned by the PSLRA**

In addition to satisfying the preliminary requirements of Rule 23, Mississippi PERS is precisely the type of large, sophisticated institutional investor – the prototypical Lead Plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Indeed, Mississippi PERS is a sophisticated institutional investor with vast resources to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss  v. Friedman, Billings, Ramsey Group, Inc.,* 2006 U.S. Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same). Mississippi PERS has submitted its sworn certification demonstrating its desire to serve as Lead Plaintiff in this action and its understanding of the attendant duties of serving as such. *See* Ellman Decl. Ex. A. Thus, as demonstrated above, Mississippi PERS is the prototypical lead plaintiff under the PSLRA.

III.    **<u>THE COURT SHOULD APPROVE MISSISSIPPI PERS' CHOICE OF COUNSEL</u>**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20.  Cauley Bowman has served as lead counsel on numerous securities fraud class actions, and was recently lead counsel in the *In re BISYS Securities Litigation, Inc*. action in this district which settled for $66.8 million settlement **.**  *See* Cauley Bowman and Baron & Budd Firm Resumes, Ellman Decl. Ex. D and E.  Proposed liaison counsel Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time.  *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. F; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that Mississippi PERS or its counsel will not fairly and adequately represent the Class, or that Mississippi PERS is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint Mississippi PERS as lead plaintiff and approve its selection of Cauley Bowman and Baron & Budd to serve as Co-Lead Counsel and Labaton Sucharow as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Mississippi PERS respectfully requests that the Court: (A) consolidate the related actions; (B) appoint Mississippi PERS as Lead Plaintiff; and (C) approve Cauley Bowman Carney & Williams, PLCC and Baron & Budd, P.C. as Co-Lead Counsel and Labaton Sucharow as Liaison Counsel for the Class.

Dated: October 19, 2007

Respectfully submitted,

**LABATON SUCHAROW LLP**

By: ___*/s/ Christopher J. Keller*___
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Proposed Liaison Counsel*

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
J. Allen Carney
Randall K. Pulliam
11311 Arcade Dr., Suite 200
Little Rock, AR 72212
Telephone:  (501) 312-8500
Facsimile:   (501) 312-8505

**BARON & BUDD, P.C,**
Russell Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone:  (214) 521-3605
Facsimile:   (214) 520-1181

**BARON & BUDD, P.C,**
Burton LeBlanc
6955 Perkins Road, Suite 100
Baton Rouge, LA 70808
Telephone:   (225) 927-5441

Facsimile:    (225) 768-7999

Attorneys for the Mississippi Public
Employees' Retirement System and
Proposed Co-Lead Counsel for the Class